IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL AARON JAYNE,

        Plaintiff,                  No. CIV S-02-0418 WBS JFM P

    vs.

J. POPE, et al.,

        Defendants.          <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Following a jury trial, judgment was entered in this action on March 8, 2005. On February 6, 2008, plaintiff filed a motion to seal the record in this action. Plaintiff contends that two motorcycle clubs have put out a contract on his life and that this record contains personal information which could jeopardize his life if disclosed to the public.

        Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point. <u>Foltz [v. State Farm Mutual Auto. Ins. Co.]</u>, 331 F.3d [1122] at 1135 [(9th Cir. 2003)] (citing <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir.1995)). A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. <u>Foltz</u>, 331 F.3d at 1135. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," <u>id</u>. (citing <u>San Jose Mercury News, Inc. v. U.S. Dist. Ct.</u>, 187 F.3d 1096, 1102-03 (9th Cir.1999)), that outweigh the general history of access and the public policies favoring disclosure, such as the " 'public interest in understanding the judicial process.' " <u>Hagestad</u>, 49 F.3d at 1434 (quoting <u>EEOC v. Erection Co.</u>, 900 F.2d 168, 170 (9th Cir.1990)). In turn, the court must "conscientiously balance[ ] the competing interests" of

1

1         the public and the party who seeks to keep certain judicial records secret. Foltz, 331 F.3d at 1135.

3 Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  Plaintiff's motion lacks the specificity required to support his request to seal the entire record in this action. Good cause appearing, the court will direct the United States Attorney for the Eastern District of California to investigate plaintiff's allegations and report to the court whether some or all of the instant record should be sealed in light of those allegations.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. The Clerk of the Court is directed to send a copy of petitioner's February 6, 2008 motion to seal to the United States Attorney for the Eastern District of California;

        2. Within thirty days from the date of this order the United States Attorney for the Eastern District of California shall report to the court on whether some or all of the instant record should be sealed in light of the allegations contained in plaintiff's February 6, 2008 motion; and

        3. Plaintiff's February 6, 2008 motion is denied without prejudice.

DATED: July 21, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

12
jayn0418.mts